6 Mass. App. Ct. 477                                      477

Petition of Dept. of Pub. Welfare to Dispense with Consent to Adoption.

PETITION OF THE DEPARTMENT OF PUBLIC WELFARE TO
DISPENSE WITH CONSENT TO ADOPTION.

Middlesex.    March 20, 1978. — July 10, 1978.

Present: KEVILLE, ARMSTRONG, & BROWN, JJ.

*Adoption,* Dispensing with parent's consent. *Parent and Child,* Adoption.

In a proceeding on a petition by the Department of Public Welfare under G. L. c. 210, § 3, to dispense with consent to adoption, the judge's conclusion that the best interests of the child required the allowance of the petition was supported by substantial evidence and by the judge's findings. [478–479]

In a proceeding on a petition by the Department of Public Welfare under G. L. c. 210, § 3, to dispense with consent to adoption, the judge erred in concluding that the department's adoptive plan, which merely stated that the department had six approved families who had requested a child like the subject of the petition and that it was confident it could find a permanent home for the child among those families, met the statutory requirements [479]; however, a plan subsequently submitted by the department, which included a detailed description of two families regarded as suitable to adopt the child, met the requirement of § 3 and supported the judge's conclusion that adoption was in the best interests of the child [479–480].

PETITION filed in the Probate Court for the county of Middlesex on October 29, 1975.

The case was heard by *Martin, J.*

*Erain Chemerinsky (Edmund E. Fleming* with him) for the respondent.

KEVILLE, J. This is an appeal from a judgment of a Probate Court entered on October 26, 1976, granting a petition of the Department of Public Welfare (department) brought on October 29, 1975, to dispense with the need for the consent of a child's mother to the prospective

adoption of the child. The child was born December 25, 1974, and was voluntarily surrendered to the department by her mother for temporary care when the child was a few months old. The child was then placed in a foster home. The record contains no information with respect to the child's father.

The petition was brought pursuant to the provisions of G. L. c. 210, § 3, as appearing in St. 1972, c. 800, § 2. Subsections (b) and (c) of § 3 permit the department to institute such a proceeding with respect to any child in its care and custody. Under subsection (c) the Probate Court shall approve such a petition if it finds that "the best interests of the child" will be served thereby. In arriving at such a conclusion the judge shall consider "the ability, capacity, fitness and readiness of the parents to assume parental responsibility." That subsection also requires that the court give consideration to "the plan proposed by the department."

We have before us a transcript of the evidence and the judge's report of material facts. Two matters require discussion on appeal.

1. The judge found, inter alia, and there was substantial evidence to support his findings, that representatives of the department by "patient and thorough efforts" sought to assist the child's mother in her desire to obtain the return of her child, and that it was only after the failure of their endeavors to assist the mother to evidence her fitness and sense of responsibility to assume the care of her child that the department resorted to this petition to dispense with the need for the mother's consent to an adoptive placement. The judge concluded that "it is obvious, based upon the evidence and the Court's observation of . . . [the mother] as a person, that it would be unthinkable to entrust to her the care and custody of a two year old child in the foreseeable future." The evidence and the judge's findings make clear that he gave careful consideration to the four statutory criteria set forth in subsection (c) in reaching his conclusion that the best interests of the

child required the allowance of the department's petition.

2. Consideration by the judge of the department's plan for the adoption of a child, in the event that a petition under § 3 is allowed, is essential. In this case the department in its initial report to the Probate Court simply stated that it "currently has six approved families who have requested a child like Rose Marie [the child in this case] and we are confident that we will be able to find the permanent and secure home Rose Marie deserves from among these families." On the basis of this perfunctory statement, the judge erroneously concluded that the plan submitted by the department met the statutory requirement.

Although the department in describing its adoptive plan to the court is not called upon to identify prospective adoptive parents, much more detailed information is required than that initially submitted by the department in this case. This is so even in a situation such as this were the department has not yet selected specific prospective adoptive parents for the child but simply has a group of such candidates on its eligibility list. Additional information with respect to the prospective parents and their family environment is required in order to enable the judge to properly evaluate a decision of the department to place a child in a suitable adoptive home.

To expedite that requirement and in the interest of saving time, which is, of course, of the utmost importance in the adoptive process, we retained jurisdiction of the case and directed the judge to order the department to submit to him forthwith its adoptive plan for the child in sufficient detail, but without identifying any of the prospective adoptive parents by name or specific location, to enable the judge, after a further hearing, to make adequate findings and to report his conclusions thereon to this court without delay. Pursuant to this direction a further hearing was held in the course of which the department's plan for the adoption of the child was introduced in evidence supplemented by the testimony of a

social worker from the adoption placement unit of the department.

We now have before us a transcript of the evidence taken at that hearing, which includes as an exhibit the department's current adoptive plan,[1] and a document entitled "Findings Pursuant to Order of Appeals Court." Although the judge has failed to furnish us with relevant findings with respect to the plan, our own review of the plan satisfies us that the statutory requirement under subsection (c) has been met and that the plan supports the judge's conclusion that it is in the best interests of the child.

*Judgment affirmed.*

---

[1] The plan includes a detailed description of two couples regarded by the department as suitable adoptive parents for this child along with an evaluation of their children and family environment. The plan also contains a general statement that the placement unit has seven approved families waiting for a child of Rose Marie's age and description.